# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRYSTALEE C. PROTHEROE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 18-cv-2147-JAR-TJJ |
| ) | |
| JOSEPH J. MASARIK, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Crystalee C. Protheroe, proceeding *pro se*, filed this action against her former husband, Joseph J. Masarik, alleging that since the time of their divorce in 2014 and her loss of child custody he has prevented Plaintiff from having a meaningful relationship with their two children. Plaintiff asserts this court has subject matter jurisdiction based on numerous statutory and constitutional grounds, articles of the United Nations Declaration of Human Rights, and diversity of citizenship. This matter comes before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) (ECF No. 3). Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of the trial court.

Plaintiff has failed to show a financial inability to pay the required filing fee. Plaintiff lists her salary as $333.00 per month. She denies receiving any government benefits except from

unidentified "other government sources" for which she lists no amount.[1] She states she is married and that her spouse is a train driver for BNSF. Although she does not list his wages or salary, the income tax return attached to her affidavit shows their combined 2016 income was $57,056.00. Plaintiff lists a number of monthly expenses, but with information missing from her affidavit the Court is unable to determine if her expenses exceed her available income. In addition, Plaintiff lists two late-model vehicles she and her spouse own, and they own their own home. In making the determination whether Plaintiff may proceed *in forma pauperis*, "the Court may consider the total monetary resources available to assist Plaintiff, and 'it is appropriate to consider a spouse's income.'"[2] Accordingly, after reviewing Plaintiff's motion and the accompanying affidavit, the undersigned Magistrate Judge finds the motion to proceed *in forma pauperis* should be denied, and will make such recommendation.

When a party seeks to proceed without the prepayment of fees, § 1915 requires the court to conduct an initial review of the party's complaint.[3] The court must dismiss the case if the

---

[1] Plaintiff's affidavit is inconsistent with the one she filed in this court two weeks earlier in Case No. 18-cv-2128-JAR-TJJ, in which she states that she receives $358.00 monthly in Social Security benefits and $408.00 monthly in VA disability benefits.

[2] *Dow v. Colvin*, No. 4:13-CV-299-A(BJ), 2013 WL 1952092, at *1 (N.D. Tex. April 15, 2013) (quoting *Muhammad v. Louisiana Attorney Disciplinary Bd.*, No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sept. 25, 2009)).

[3] The statute requires such screening in all cases where a party seeks to proceed *in forma pauperis*, and not only in cases where the court grants the application. *Franklin v. Kramer*, No. C 12-06335 LB, 2013 WL 120404, at *1-2, (N.D. Cal. Jan. 8, 2013) (screening case under § 1915(e)(2) after denying motion to proceed *in forma pauperis*); *Palazzolo v. University of Michigan Hosp.*, No. 10-10650, 2010 WL 1780958, at *1 (E.D. Mich. April 30, 2010) ("[Section] 1915(e)(2)(B) provides that, in cases when a plaintiff is proceeding, or attempting to proceed, *in forma pauperis*, the court shall dismiss the case at any time if the court determines that the action is frivolous or fails to state a claim upon which relief can be granted."); *Price v.*

court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[5] Because Plaintiff proceeds pro se, her pleadings are liberally construed.[6] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[7]

In 2016, Plaintiff filed a civil action in this court against a number of defendants including a Kansas District Court judge; Kansas state government employees involved in state court proceedings concerning Plaintiff and custody of her children; and Defendant herein, Joseph Masarik,[8] The 2016 case was dismissed for failure to state a claim upon which relief can be

---

*United Postal Serv.*, No. 01 C 3645, 2001 WL 585512, at *1 (screening case under § 1915(e)(2) after denying motion to proceed *in forma pauperis*).

[4] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Id.*

[8] *Protheroe v. Pokorny, et al.*, Case No. 16-cv-2387-CM-JPO.

granted.⁹  As the order of dismissal in that case states:

> "It is well-established that federal courts lack jurisdiction over the whole subject of domestic relations of husband and wife, and parent and child." Hunt v. Lamb, 427 F.3d 725, 727 (10th Cir. 2005) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (quoting In re Burrus, 136 U.S. 586, 593–94 (1890))). This is not a removal action from state court, but plaintiff's claims and especially the facts she describes, read like a list of complaints about the outcome of the state court divorce and child custody proceedings. To the extent plaintiff is trying to raise substantive issues regarding the divorce and child custody proceedings, this court does not have jurisdiction.¹⁰
>
> Plaintiff does cite several federal laws, including the "4th, 5th, 6th, 9th, and 14th [Amendments and] 42 U.S.C. 1981; 1983; 1984; 1985; 1986; 18 USC 241 & 242; the United States [C]onstitution and state and federal laws, and . . . Articles I, II, V, VI, VII, IX, XVIII, and XXIV of the American Declaration" (Doc. 1 at 8–9). But plaintiff does not state a claim for relief under any of these laws. She generally does not explain which defendant allegedly violated which right, or explain the who, what, where, when, or how such violations occurred.¹¹

In the Complaint and Request for Injunction filed in this case, Plaintiff repeats many of the allegations from her 2016 case but names a single Defendant.  Plaintiff alleges Defendant has continued since their divorce in 2014 to prevent Plaintiff from having a meaningful relationship with their children, and that he has been abusive and manipulative and has violated many of her

---

⁹ *See* Order dated November 18, 2016 (ECF No. 60) in Case No. 16-cv-2387-CM-JPO.

¹⁰ *Id.* at 6.

¹¹ *Id.* at 7.  In her current complaint, Plaintiff states that she is a citizen of the state of Kansas and Defendant is a citizen of the state of Alabama, which would create diversity. However, diversity of citizenship cannot create subject matter jurisdiction for a domestic relations matter.

constitutionally protected and human rights.[12]

"Federal courts may abstain or decline from deciding an issue in order to preserve traditional principles of equity, comity and federalism. Such discretion is particularly appropriate where the state has a strong interest and competence in dealing with the subject matter at issue, such as child custody and domestic relations matters."[13] Here, there is no question that the subject of Plaintiff's allegations falls within the ambit and expertise of the state courts. The complaint reveals no facts which would support the District of Kansas having jurisdiction over Plaintiff's claim against Defendant. By failing to adequately plead, Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and that Judge Robinson **DISMISS** this action.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the recommended disposition. If plaintiff does not timely file her objections, no court will allow appellate review.

A copy of this report and recommendation shall be mailed to Plaintiff by certified mail.

IT IS SO ORDERED.

---

[12] ECF No. 1 at 4.

[13] *Reeves v. Warren County*, No. 4:08CV1708CDP, 2008 WL 5171346, at *1–2 (E.D. Mo. Dec. 9, 2008) (internal citations omitted).

Dated this 12th day of April, 2018, at Kansas City, Kansas.

*Teresa J. James*

Teresa J. James
U. S. Magistrate Judge