IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CRYSTALEE C. PROTHEROE,**

    **Plaintiff,**

    v.

**JOSEPH J. MASARIK,**

    **Defendant.**

Case No. 18-2147-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Crystalee C. Protheroe filed this *pro se* action against her former husband, Joseph J. Masarik, alleging that since the time of their divorce in 2014 and her loss of child custody, he has prevented Plaintiff from having a meaningful relationship with their two children. Plaintiff asserts this Court has subject matter jurisdiction based on numerous statutory and constitutional grounds, articles of the United Nations Declaration of Human rights, and diversity of citizenship. Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 3). On April 12, 2018, Magistrate Judge Teresa J. James entered a Report and Recommendation that this Court deny Plaintiff's motion to proceed *in forma pauperis* and dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction and for failure to state a plausible claim (Doc. 4). Plaintiff timely filed an objection and response (Doc. 6).

The Court has reviewed Judge James's analysis of the issues under Fed. R. Civ. P. 72(b)(3), and agrees with the proposed disposition of Plaintiff's Complaint. Plaintiff previously filed a civil action in 2016, 16-cv-2387-CM, against a number of defendants including a Kansas District Court Judge and state government employees involved in the state court proceedings concerning Plaintiff and the custody of her children, as well as her former husband Masarik. That case was dismissed by Judge Murguia for failure to state a claim upon which relief can be

granted; although Plaintiff listed various federal statutes and constitutional rights, she did not state a claim under any federal statute against any named defendant for which relief may be granted in federal district court.[1] Judge Murguia cited the tradition of federal courts avoiding review of substantive state law claims, especially in domestic relation cases such as the 2016 case brought by Plaintiff.

Judge James accurately notes that this action repeats many of the allegations from Plaintiff's 2016 case, but against only Masarik. Consequently, there is no question that the subject of Plaintiff's allegations falls within the ambit and expertise of the state courts, and that Plaintiff's Complaint fails to allege facts that would support this Court having jurisdiction over her claim against Defendant. In her objection, Plaintiff maintains that Masarik's conduct has deprived her of her constitutional, federal, and human rights, citing several cases where plaintiffs successfully brought actions involving parental and familial rights.[2] But those cases can be distinguished as they involved challenges to specific statutes or procedures, or claims under 42 U.S.C. § 1983 against defendants who were acting "under color of state law."[3] In this case, Plaintiff's claims are against her former husband, a private citizen, and thus this Court cannot exercise federal jurisdiction over this lawsuit.[4]

---

[1] *See Protheroe v. Pokorny,* Case. No. 16-cv-2387, Doc. 60.

[2] Doc. 7.

[3] *See, e.g., Troxel v. Granville*, 530 U.S. 57, 72–74 (2000) (holding state nonparental visitation statute unconstitutionally infringed on parents' fundamental right to make decisions concerning the care, custody, and control of their children); *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1120–21 (9th Cir. 2017) (denying social workers' motion for summary judgment based on absolute and qualified immunity in § 1983 action brought by child alleging county social workers maliciously used perjured testimony and fabricated evidence in juvenile dependency proceedings that resulted in mother losing custody of child); *In re Marriage of Hutchinson and Wray*, 281 P.3d 1126, 1131 (Kan. Ct. App. 2012) (discussing procedural due process right to evidentiary hearing prior to ruling on case manager's recommendations in child custody dispute).

[4] *See Lay v. Otto*, 530 F. App'x 800 802–03 (10th Cir. 2013) (dismissing plaintiff's lawsuit "without prejudice for lack of subject-matter jurisdiction" because, where plaintiff failed to establish plaintiffs were acting under color of state law, his "§ 1983 claim did not support the district court's exercise of federal jurisdiction over the lawsuit").

Accordingly, this Court agrees with Judge James's conclusion that Plaintiff has failed to establish subject matter jurisdiction over her claims against Defendant and failed to state a claim upon which relief may be granted. Plaintiff's Complaint must contain a plausible claim, and in this case, it falls far short and dismissal is warranted under § 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's objection (Doc. 6) is **overruled**. The Court adopts the Report and Recommendation filed April 12, 2018 (Doc. 4). Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3) is **denied.** Plaintiff's claims are **dismissed without prejudice** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 7, 2018

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE